MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

CAICER ALCANTARA,

        Plaintiff,

  -v -

UNITED STATES OF AMERICA,

        Defendant.

------------------------------------------------------------------------ x

07 Civ. 10602 (PKC)(AJP)
ECF Case

**ANSWER**

      Defendant the United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint in the above-captioned action on information and belief as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

      2.     Denies the allegations in paragraph 2 of the Complaint.

      3.     Paragraph 3 of the Complaint consists solely of conclusions of law concerning the appropriate venue for this action as to which no response is required. To the extent that a response is required, the Government denies the allegations in paragraph 3.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies the allegations in paragraph 6 of the Complaint, except avers that the United States Postal Service (the "Postal Service") at one time owned a vehicle bearing New York registration number 6510276.

7.      Denies the allegations in paragraph 7 of the Complaint, except avers that the Government, at one time, owned a vehicle bearing New York registration number 6510276.

8.      Denies the allegations in paragraph 8 of the Complaint, except avers that, on or about noon on December 19, 2006, Michelle Ramirez, a Postal Service carrier, operated a vehicle bearing New York registration number 6510276.

9.      Denies the allegations in paragraph 9 of the Complaint, except admits that on July 20, 2007, the Postal Service denied an administrative claim plaintiff filed on February 27, 2007.

10.     Denies the allegations in paragraph 10 of the Complaint as incomprehensible.

11.     Denies the allegations in paragraph 11 of the Complaint, except avers that Baychester Avenue and Donizetti Place are public roads in Bronx County, New York.

12.     Denies the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint, except admits that a motor vehicle accident occurred on or about noon on December 19, 2006 involving a Postal Service vehicle bearing New York registration number 6510276 and a van operated by plaintiff.

14.     Denies the allegations in paragraph 14 of the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint.

16.     Denies the allegations in paragraph 16 of the Complaint.

17.   Paragraph 17 of the Complaint consists solely of conclusions of law or plaintiff's subjective characterization of his alleged injury to which no response is required; to the extent that a response is required, the Government denies the allegations in paragraph 17.

18.   Denies the allegations in paragraph 18 of the Complaint.

The paragraph following "WHEREFORE, the plaintiff demands judgment …" consists solely of plaintiff's request for relief to which no response is required.  To the extent that a response is required, the Government denies that plaintiff is entitled to any of the relief sought.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any claim in the complaint against the Government that has not been presented administratively.

### SECOND DEFENSE

Neither the Government nor any of its agencies, employees or agents was negligent, at fault or acted with want of due care in regard to the events alleged in the Complaint.

### THIRD DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of any of the Government's agencies, employees or agents.

### FOURTH DEFENSE

In the event that the Government is found to be negligent, which negligence the Government denies, any recovery must be proportionately reduced on account of the negligence or other culpable conduct of the plaintiff, including the failure to avail himself of seatbelt, shoulder harness and other safety devices and thereby causing or aggravating the injuries alleged, contributed to his alleged injuries.

## FIFTH DEFENSE

Plaintiff is not entitled to recovery to the extent that any alleged damages or losses were due to his failure to mitigate.

## SIXTH DEFENSE

New York Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. L. §§ 5101-08, bars recovery for plaintiff's alleged injuries and damages. Plaintiff may not recover for economic loss because he has not sustained such losses greater than "basic economic loss," *see* N.Y. Ins. L. §§ 5102(a), 5104(a); further, plaintiff may not recover for non-economic loss because he has not sustained a serious injury as defined under N.Y. Ins. L. §§ 5102(a), 5104(a), *see id*.

## SEVENTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. CPLR § 4545(c).

## EIGHTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount claimed administratively. *See* 28 U.S.C. § 2675.

## NINTH DEFENSE

Plaintiff's recovery, if any, is limited by provisions of the Federal Tort Claims Act. *See* 28 U.S.C. § 2679.

## TENTH DEFENSE

To the extent plaintiff may seek attorney's fees, the Federal Tort Claims Act bars the award of attorney's fees for claims asserted in the Complaint. *See* 28 U.S.C. § 2412.

ELEVENTH DEFENSE

Plaintiff is not entitled to a jury trial as to his claim(s) against the Government under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2412.

WHEREFORE, the Government demands judgment dismissing the complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
       January 28, 2008

                                   MICHAEL J. GARCIA
                                   United States Attorney
                                   Attorney for Defendant

                        By: s/ Li Yu
                            LI  YU
                            Assistant United States Attorney
                            Tel.: (212) 637-2734
                            Fax: (212) 637-2686
                            Email:  li.yu@usdoj.gov


TO:    Anthony Maililo, Esq.
         163-09 Northern Boulevard
         Flushing, NY 11358
         *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, Li Yu, an Assistant United States Attorney for the Southern District of New York, hereby certify that on January 28, 2008, I caused a copy of the foregoing Answer of Defendant the United States of America in *Caicer Alcantara v. United States*, 07 Civ. 10602 (PKC)(AJP) to be served, by electronic mail and First-Class Mail, upon counsel for plaintiff at:

      Anthony Maililo, Esq.
      163-09 Northern Boulevard
      Flushing, NY 11358
      amallilo@malliloandgrossman.com

Dated: New York, New York
       January 28, 2008

                              s/ Li Yu
                              LI YU
                              Assistant United States Attorney